# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| v. | ) | Criminal No. 17-313 |
| CHRISTOPHER ROBERT WOODS, | ) | |
| Defendant | ) | |

### TENTATIVE FINDINGS AND RULINGS
### CONCERNING THE APPLICABLE ADVISORY GUIDELINE RANGE

CONTI, Senior District Judge.

On July 23, 2018, defendant Christopher Robert Woods("Defendant") pleaded guilty to Count 2 of the indictment at criminal action number 17-313. The Probation Office filed a Final Presentence Investigation Report ("PIR") on October 15, 2018 (ECF No. 55) and an addendum on October 31, 2018. Pursuant to Local Rule 32C.4, counsel for defendant and for the government each had an opportunity to submit objections to the PIR prepared by the Probation Office and to state any anticipated grounds for a departure or variance. The government and defendant had no objections to the PIR. (ECF Nos. 58, 60).

In light of the United States Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), the United States Sentencing Guidelines are advisory and no longer mandatory in the federal courts. The court is directed to sentence criminal defendants in accordance with the factors set forth in 18 U.S.C. § 3553(a). One of the factors enumerated in § 3553(a) that the court must consider is "the kinds of sentence and the sentencing range established for under the United States Sentencing Guidelines." 18 U.S.C. § 3553(a)(4). In fact, the United States Supreme Court stated that "[t]he district courts, while not bound to apply the Guidelines, must

consult those Guidelines and take them into account when sentencing." Booker, 543 U.S. at 264. Accordingly, the court's tentative findings reflect the advisory Guidelines range for defendant's offense. At the time of sentencing, the court will impose the defendant's sentence in consideration of all the factors set forth in § 3553(a).

The court tentatively finds as follows:

1. **Base Offense Level**: The guideline for 18 U.S.C. § 2252(a)(4)(B) offenses is found in U.S.S.G. §2G2.2 of the guidelines which calls for a base offense level of 18. U.S.S.G. §2G2.2(a)(1).

2. **Specific Offense Characteristics**: According to the factual basis, the defendant was in possession of sexually explicit images of prepubescent minors who had not attained the age of 12 years, which calls for an increase of two levels. U.S.S.G. §2G2.2(b)(2).

3. **Specific Offense Characteristics**: According to the factual basis, the defendant knowingly engaged in distribution of images depicting the sexual exploitation of a minor through KIK chats and email, which calls for an increase of two levels. U.S.S.G. §2G2.2(b)(3)(F).

4. **Specific Offense Characteristics**: According to the factual basis, the offense involved material that portrays sadistic and violent conduct, which calls for an increase of four levels. U.S.S.G. §2G2.2(b)(4).

5. **Specific Offense Characteristics**: According to the factual basis, the images were shipped and transported in interstate and foreign commerce by means of a computer and the Internet, which calls for an increase of two levels. U.S.S.G. §2G2.2(b)(6). U.S.S.G. §2B3.1(b)(1).

6.  **Specific Offense Characteristics**: According to the factual basis, the defendant's phone contained 23 sexually explicit images and he received 20 images of minors engaged in sexually explicit conduct. Evidence shows that the defendant possessed at least 10 but fewer than 150 images depicting the sexual exploitation of a minor. U.S.S.G. §2G2.2(b)(7)(A).

7.  Defendant clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by 2 levels. U.S.S.G. § 3E1.1(a).

8.  Defendant assisted authorities in the investigation or prosecution of defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty. Accordingly, the offense level is decreased by 1 additional level. U.S.S.G. § 3E1.1(b).

9.  The total offense level is **27**.

**Criminal History**

10.  Defendant's total criminal history score is zero. According to the sentencing table in U.S.S.G. Chapter 5, Part A, a criminal history score of zero establishes a criminal history category of **I**.

**Imprisonment**

11.  The maximum term of imprisonment is 20 years. 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). Based upon a total offense level of 27 and a criminal history category of I, the guideline imprisonment range is 70 months to 87 months.

**Supervised Release**

12.  By statute, the court shall impose a term of supervised release of five years to life. 18 U.S.C. § 3583(k). The statute requires a term of supervised release of five years; therefore, the guideline requirement for a term of supervised release is five years to life. U.S.S.G.

§5D1.2(b)(2).

**Probation**

13. The defendant is statutorily eligible for not less than one nor more than five years' probation because the offense is a Class C Felony. 18 U.S.C. § 3561(c)(1). One of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service. Since the applicable guideline range is in Zone D of the Sentencing Table, the defendant is ineligible for probation under the guidelines. U.S.S.G. §5B1.1, comment.(n.2).

**Fines**

14. The statutory maximum fine is $250,000, pursuant to 18 U.S.C. § 3571(b). A special assessment of $100 is mandatory. 18 U.S.C. § 3013.

15. The PIR ¶ 82 reports that defendant is subject to the provisions of the Justice for Victims of Trafficking Act of 2015 ("JVTA"). Under the JVTA, in addition to the assessment imposed under § 3013, the court shall assess an amount of $5,000, per count, on any non-indigent person or entity convicted of an offense under 18 U.S.C. Chapters 77, 109A, 110, 117; or § 274 of the Immigration and Nationality Act (8 U.S.C. § 1324). 18 U.S.C. § 3014. Although neither party objected, the court concludes that the JVTA assessment does not apply. The offense in this case, as charged in the indictment, was committed from November 2014 until January 8, 2015, prior to the enactment of the JVTA.

16. The fine range under the guidelines for this offense is from $12,500 to $125,000. U.S.S.G. §§5E1.2(c)(3) and (h)(1).

**Restitution**

    **17.**    Pursuant to 18 U.S.C. § 3663A and U.S.S.G. § 5E1.1, restitution shall be ordered in this case, but no claims for restitution have been made.

**Forfeiture**

    18.    Pursuant to 18 U.S.C. §2253(a)(3), the defendant shall forfeit to the United States, including but not limited to: thumb drive (tag number E0000173); black laptop case with laptop and portable drives (tag number E000174); black silver iPhone (tag number E0000175); black laptop case with laptop (tag number E0000178); brown laptop bag with IBM computer (tag number E0000180); black laptop bag with Dell laptop (tag number E0000182); black laptop bag IM/X2 Think Pad laptop (tag number E0000183); black Dell laptop (tag number E0000184); black Think Pad laptop (tag number E0000185); black Lenovo Think Pad laptop (tag number 15-0000193). He acknowledged that the above described property was used to commit or to promote the commission of the offense charged in the Indictment.

    19.    Forfeiture is to be imposed upon a convicted defendant as provided by statute. U.S.S.G. §5E1.4.

BY THE COURT:

 /s/ *Joy Flowers Conti*
Joy Flowers Conti
Senior United States District Judge

Dated: January 8, 2019

5