# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal No. 17-313 |
| CHRISTOPHER ROBERT WOODS, | ) ) ) | |
| Defendant | ) ) | |

## OPINION

On October 16, 2020, counsel filed a motion for compassionate release on behalf of defendant Christopher Robert Woods ("Woods"), based upon Woods' medical conditions and his potential exposure to the COVID-19 virus at FCI-Loretto (ECF No. 89). On November 9, 2020, the government filed a response in opposition to the motion (ECF No. 95). On November 18, 2020, Woods filed a reply and a sealed supporting document (ECF Nos. 99, 100).

The government represented in its opposition filing that Woods "has a confirmed halfway house placement date of December 8, 2020." (ECF No. 95 at 17). Woods, therefore, is no longer at FCI-Loretto.

In United States v. Somerville, No. 2:12-CR-225-NR, 2020 WL 2781585, at *6-7 (W.D. Pa. May 29, 2020), the court established a two-part analysis to determine whether the COVID-19 pandemic represents an extraordinary and compelling reason for a defendant's release. The court explained:

> While the Third Circuit has not articulated a definitive standard to be applied to § 3582(c) motions in this context, it has observed generally that the mere "existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner[.]" United States v. Roeder, 807 Fed. Appx. 157, 161 n.16 (3d Cir. 2020). From that, the Court infers that a prisoner

> seeking release due to COVID-19 must at least show: (1) a sufficiently serious medical condition, or advanced age, placing the prisoner at a ***uniquely high risk*** of grave illness or death if infected by COVID-19; and (2) an actual, non-speculative risk of exposure to COVID-19 in the facility where the prisoner is held.

Somerville, 2020 WL 2781585 at *4 (emphasis added).

An inmate bears the burden of proof by a preponderance of the evidence to show that he is entitled to compassionate release. United States v. Smith, No. CR 9-187, 2020 WL 4047485, at *2 (W.D. Pa. July 20, 2020) (citing United States v. Adeyemi, No. CR 06-124, 2020 WL 3642478, at *16 (E.D. Pa. July 6, 2020)). Courts have held that to satisfy this burden, a movant must produce evidence to the court. See e.g., United States v. Matthews, Crim. Action No. 09-612-1, 2020 WL 5217132, at *6 (E.D. Pa. Sept. 1, 2020).

In sum, Woods has the burden to show both that: (1) he suffers from a sufficiently serious medical condition, or advanced age, that places him at a uniquely high risk of grave illness or death if infected by COVID-19 (extraordinary); and (2) there exists an actual, non-speculative risk of exposure to COVID-19 at his place of confinement (compelling).

Woods is unable to meet his burden based upon the current record. Woods is no longer at FCI Loretto, and he has provided no evidence about his risk of exposure at the halfway house where he is currently located. Accordingly, his motion for compassionate release must be denied, albeit without prejudice to his ability to file a new motion based upon the risks he may face at the halfway house.

Conclusion

For the reasons set forth above, Woods' motion for compassionate release (ECF No. 89) will be DENIED without prejudice.

    An appropriate order follows.

BY THE COURT:

 /s/ *Joy Flowers Conti*
Joy Flowers Conti
Senior United States District Judge

Dated: January 12, 2021